In the Matter of ARTHUR C. FORD et al., Constituting the Board of Water Supply of the City of New York, Appellants, Relative to Acquiring Title to Real Estate on Behalf of the City of New York, in the County of Delaware, for the Purpose of Providing an Additional Supply of Pure and Wholesome Water for the City of New York. JOHN R. NORMILE, as Commissioner of Appraisal, Respondent.

Third Department, March 13, 1963.

*Leo A. Larkin, Corporation Counsel* (*Theodore R. Lee, Francis T. Murray* and *Paul L. Owens* of counsel), for appellants.

*John R. Normile,* respondent in person.

TAYLOR, J. The respondent was appointed a Commissioner of Appraisal pursuant to the provisions of the Administrative Code of the City of New York (§ K41–9.0). Among the matters tried before the commission, of which he was chairman, were claims filed principally by dairy farmers and retail merchants with places of business located outside the taking area who sought damages allegedly sustained as the result of the condemnation

activities of the Board of Water Supply of the City of New York in connection with the construction of the Pepacton Reservoir.

Following the presentation of the evidence in these and other cases and the submission of briefs by the parties which advanced divergent contentions as to the applicability of the criteria articulated and the procedure followed in *Matter of Board of Water Supply of City of N. Y. (Bishop)* (211 N. Y. 174), the members of the commission were puzzled as to the appropriate method which should be employed in evaluating the business damages asserted. With the view of obtaining professional aid in resolving the conflicting theories, the respondent consulted two public accountants, a real estate appraiser and a banker familiar with analyzing the financial statements of business enterprises none of whom provided the expertise which was thought to be needed. He next conferred on several occasions with a professor of accounting in a nearby college who, in turn, consulted with a colleague teaching the subject of economics in the same institution. In a supplemental affidavit the respondent states that the former instructed him '' on the approaches to the valuation of businesses from an accounting viewpoint '', assisted in clarifying the import of the theories urged by the parties and the procedure adopted by the Commissioners in *Bishop (supra)* and thus in large measure dispelled the confusion which had been engendered in the minds of the Commissioners. The faculty member whose counsel was sought also prepared and furnished respondent with an informal memorandum summarizing his thinking on the problems discussed. The information thus acquired was later relayed to the other members of the commission.

The activities referred to consumed 2½ days of the respondent's time for which he requested compensation at the usual per diem rate of $75; for the consultative assistance he incurred an expense of $150.

Special Term found that the respondent was entitled so to be compensated in the amount claimed and that the disbursement incurred was necessary in the proper discharge of the duties of the commission. Petitioner's appeal is from those parts of the order which taxed the fees and expense accordingly.

With the conclusion of the court below we are unable to agree. In soliciting the assistance of persons with special knowledge of the particular subject we are confident that the respondent was prompted by purely conscientious motives. His acts, however, were clearly irregular and transcended the statutory powers and duties of a Commissioner of Appraisal (Administrative Code, § K41–12.0). For the performance of unauthorized and extra-

curricular services the statute (§ K41–33.0) contemplates neither payment of compensation nor reimbursement for expenses incurred in connection therewith and it was error to charge the public agency with such liabilities.

The order insofar as appealed from should be reversed, on the law and the facts, and, as so modified, affirmed, without costs.

BERGAN, P. J., COON, HERLIHY and REYNOLDS, JJ., concur.

Order insofar as appealed from reversed, on the law and the facts, and, as so modified, affirmed, without costs.